THE RHODE ISLAND TOOL COMPANY *vs.* THE NEW YORK, NEW HAVEN & HARTFORD RAILROAD COMPANY.

JUNE 3, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is an action of trespass on the case for negligence. It was tried before a justice of the superior court, sitting without a jury, who decided for the defendant. The case is before us on the plaintiff's exception to that decision.

The determinative and only question here at issue involves a contract for interstate carriage under the interstate

commerce act, 49 U.S.C.A., §20, par. (11). Pursuant to the provisions thereof a uniform bill of lading was issued covering the shipment in question. Section 2 (b) of the bill of lading provides: "As a condition precedent to recovery, claims must be filed in writing * * * within nine months after delivery of the property. * * * Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable and such claims will not be paid."

The evidence in substance shows that on January 29, 1947 the War Assets Administration shipped a Norton grinding machine from Buffalo, New York, to plaintiff in the city of Providence. It was delivered at plaintiff's siding "the latter part of January or the first part of February" in a damaged condition. Upon notification of that fact by telephone defendant, on February 24, sent George W. Stewart, its district claim agent, to examine the machine. Stewart retired the following July. Alfred J. Reynolds, plaintiff's vice-president and treasurer, testified that after such examination Stewart told him that "he would take care of the claim. I was *to file mine* as soon as I had the figures so that I could present them." (italics ours) Stewart positively denied having discussed "Railroad Company procedure" respecting the claim in his talk with Reynolds, and stated that perhaps he might have told him to "find out what the cost would be to restore the machine."

The plaintiff put in evidence the copy of a letter, dated November 24, 1947, saying that it had in its files a claim against defendant "the cost of which has not been presented to your office. * * * This charge has been held up waiting for the cost of replacement parts which have just been received by us. As soon as this machine has been assembled we will be able to submit our claim in full." The evidence relating to this letter is in serious conflict. Reynolds testified that, to the best of his recollection, it was written in his office and he himself mailed it. On the other hand the

testimony for defendant was that a thorough search of its files disclosed no such letter.

The next written communication in the matter was plaintiff's letter with enclosures of January 28, 1948. It begins: "Our claim for damages to a Norton Grinder is enclosed herewith. The machine was damaged while in transit in Wabash Car No. 46348 during the first part of February, 1947." Before describing the enclosures, among which was a bill for the cost of repairs, the letter states: "It has required all this time to obtain replacement parts from Norton Company and to have the necessary repair work performed." We note here that neither of the two above-mentioned letters was sent by the plaintiff within the time for the filing of claims in writing prescribed in the bill of lading.

The trial justice in a decision from the bench found for the defendant on the authority of *Jenckes Spinning Co.* v. *N. Y., N. H. & H. R. R.*, 47 R. I. 72. In that case this court, following the ruling of the United States supreme court in *Georgia, Florida & Alabama Ry.* v. *Blish Milling Co.*, 241 U. S. 190, applied the now firmly-established doctrine precluding an interstate carrier from waiving the provision in a bill of lading respecting the time within which a consignee may make claim for loss or damage. Numerous decisions by both federal and state courts uniformly applying the rule of the *Blish* case are collected in the annotation to *L. M. Kirkpatrick Co.* v. *Illinois Central R. R.*, 135 A.L.R. 607, 611. See also *Insurance Co. of North America* v. *Newtowne Mfg. Co.*, 187 F.2d 675.

The following colloquy between court and counsel occurred when, at the close of the evidence, the trial justice indicated that he believed he was bound by the *Jenckes* case: "Mr. Johnson [for plaintiff]: With all due deference to your views, if we had a ruling on the fact in regard to estoppel, I think I might want to take it up. The Court: I think there's enough testimony in the case to establish the finding of estoppel or waiver." When immediately there-

after defendant's counsel called the court's attention to the testimony of Reynolds, plaintiff's only witness, to the effect that he was told by Stewart, defendant's claim agent, to file his claim, the trial justice said: "Well, I think his [Reynolds'] actions certainly indicated that he thought he should file his claim."

The plaintiff concedes that under a contract of interstate carriage a carrier is not estopped from relying upon the condition in a bill of lading requiring a claim for loss or damage to be made within the specified time. It contends, however, that the word "estopped" when so used has no reference to the doctrine of equitable estoppel or estoppel *in pais;* that such doctrine has never been ruled out by any decision of the United States supreme court in this class of cases; and that, since the trial justice here stated he thought there was "enough testimony in the case to establish the finding of estoppel or waiver," defendant therefore under that doctrine was *estopped,* in the true sense of that term, from relying on the defense of failure to file the claim in time.

We are mindful of the reservation in *Chesapeake & Ohio Ry.* v. *Martin,* 283 U. S. 209, where, referring to the doctrine of estoppel, the court stated at page 222: "Whether under any circumstances the shipper may rely upon that doctrine in avoidance of the time limitation clause of the bill of lading, we need not now determine." That language expresses our position in the instant case. In *Kshonsky* v. *Passarelli,* 75 R. I. 369, it is stated: "This court, in keeping with the general current of authority, has held: 'A person is estopped to set up the truth in contradiction to his conduct, so as to make the truth an instrument of fraud.'" See also *East Greenwich Institution for Savings* v. *Kenyon,* 20 R. I. 110.

Assuming without deciding that the United States supreme court in the case of *Georgia, Florida & Alabama Ry.* v. *Blish Milling Co., supra,* did not hold that an estoppel,

as claimed here, could not be set up under the act, nevertheless it is our opinion that plaintiff cannot recover on the evidence appearing in the record presently under consideration. The foundation for such an estoppel is clearly lacking in the circumstances of this case. There is no evidence showing that defendant resorted to any unconscionable conduct to induce plaintiff not to file its claim in the manner and within the time prescribed in the bill of lading. Taking at its face value the testimony for plaintiff respecting the talk with defendant's claim agent Stewart, it is plain that plaintiff's officer Reynolds was conscious that a written claim for the damage to the machine was necessary. Otherwise he would not have sent the letter of November 24, 1947, in which plaintiff attempted in effect to excuse the delay in making the claim. By that time the nine months' period allowed by the bill of lading for the filing of claims had expired. Moreover Stewart's statement after the examination, as testified to by Reynolds, contained no instruction or inducement not to file a claim within the proper period. The delay, however explainable from plaintiff's point of view, cannot be made the basis for estoppel against defendant in the absence of proper evidence.

It is difficult for us to believe that the trial justice's observation in his colloquy with plaintiff's counsel, which we have hereinbefore quoted, was intended as a finding that the doctrine of estoppel would be applicable in the circumstances of record. At best his statement is ambiguous. However, if it was his intention to make such a finding then in our judgment he was clearly wrong since the evidence does not justify such statement.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Milton G. Johnson,* for plaintiff.

*William E. Boyle, William J. Carlos,* for defendant.